Good morning. My name is David Harshaw. I represent Julius Robinson, the appellant and the petitioner in this case. To me, this case is very easy. It should be for the court. Evans v. Chavez did not enunciate a bright-line test. The actual language from the case is filing delays substantially longer than the 30-60 day benchmark are going to be fine, are not substantially longer, will be fine. 66 days is not substantially longer than 60 days. So we recently decided this case, Stewart v. Cate, which suggests that longer than 60 days there has to be good cause or some reason. So was there good cause in this case? This was not something I addressed in my brief, but my client addressed in his brief, and it was addressed below. Here's what my client said in — so the answer to your question is yes, there was good cause. Here's what my client said in his brief to the court of appeals. He said that his — any delay he had was caused by the lengthy research of the issues that my appointed appellate counsel failed to raise. So the district court rejected that on the grounds that the filing was substantially identical to the prior filing he had made. That is true. If you look at the cases from this court, they say that you have to have basically the same filing because what you're doing is appealing, and you're presenting you can't exhaust the same claims. What my client was alluding to, and he didn't have a hearing or anything that he could have presented evidence on this, but if you look at the order from the superior court, it is lengthy. It talks a lot about the Dixon Bar that is very familiar to this court. In fact, Judge Schroeder just joined an opinion in Lee v. Jacquez that is a — Dixon is a very complicated legal issue in California and in the Ninth Circuit, as that case aptly illustrates. So he says he was doing research on the issues that my appointed appellate counsel failed to raise. That's what the superior court talked about. He had good cause to — he also, and while this is not — was not in the record below, in this court, in his opening brief, he showed that it's very hard to get into that legal library at Pelican Bay if you are not a legal aid inmate, and he is not. But regardless, the record before the district court and before the magistrate judge — and the magistrate judge, I believe, on page 9 of her order actually quotes what I just quoted, the lengthy research of the issues. So he had good cause, Your Honor. Even if he didn't have good cause, he is entitled to equitable tolling based upon what other district courts were doing in California. Neds V. Calderon, which I quote in my brief, talks about how what you're on notice of, you can't change the law and expect somebody to hew to that. Basically, I've cited about a dozen or so district court cases that say that a delay that's under 70 days, even unexplained, is not substantially longer. So is that the cutoff, 70 days? It is substantially longer than 60 days. There is no cutoff, Your Honor, that this court has defined. This court may define such in this opinion. So when the Supreme Court says 30 to 60 days, and we say in Stuart v. Cate, so 60 days is the limit unless there's good cause, you're saying it should actually be 30 to 70 days or 30 to 80 days? Or what — and how would we decide that? And wouldn't it always be a question of, well, there can't be any firm line? Well, obviously, if you have good cause and you put yourself in the place of a California court, you would say, you know, that it is very squishy. But as far as some sort of bright line, the Supreme Court clearly said filing delays substantially longer than 60 days will be out of bounds. What that means has not yet been defined by this court. And what — how is somebody in Mr. Robinson's position supposed to deal with that squishiness without firm direction? Well, we said — didn't we say that 81 days was too long? You did. You've said 91 days. Do you agree with that, that 81 days would be too long in every case unless there's a showing of good cause? If somebody came in with 83 days, what would we do with that? Well, this Court has said 81 days is too long, clearly. Okay. So if we said 61 days is too long or 66 days is too long, we would have the same basis. It would be just as reasonable. Is that right? It would be, except for in this specific case, Mr. Robinson would not have been on notice that that was improper. Is there any California case? Because we're just supposedly interpreting the California cases in light of the Supreme Court's direction. Is there any California case that gives — that has any bearing on whether 60 days or 66 days is okay, 70 days is okay, without good cause? There isn't, Your Honor. You know, this Court asked the California Supreme Court, it's in — Yeah, and they said forget it. To me, here's what the AEDPA means, or what it's trying to do. It's trying to give comity and respect the prerogatives of both courts, both the Federal court and the State court. Here, the Federal prerogative is get to court with your claims in a timely manner within a year. That's important. You don't want stale claims in Federal court, and we don't want to be bothered in Federal court with stale claims. State prerogatives, AEDPA gives you an insulation for your merits review. And that's the main purpose of AEDPA. And, you know, while the case law on those points I disagree with as far as how it's been ratcheting back habeas review, I can live with that. Those are the rules of the game. But the State prerogative of what they're doing within the time period they're deciding a decision, something what Pace dealt with. You know, if the State says you're untimely, we'll respect that. Well, here, neither the Superior Court, the Court of Appeal, or the California Supreme Court said you're untimely. You know, that was their prerogative to deal with. Mr. Robinson knew he had a year of out-of-court time. Every time he filed something in a State court, he had the ability to be untimely, and he took his chances. He succeeded in avoiding any time bars. That was the prerogative of the California court to deal with. And the State court addresses the question on the merits, that doesn't mean it wasn't untimely. They said that as far as the gap tolling in Evans and in Saffold. As far as Pace, which is, I think, controls what happened in the actual Court of Appeals and the California Supreme Court here. They said an explicit time bar, any sort of time bar that is expressed, will bar review or make it untimely. Here you have two different types of cases. This is not a Pace case. This is a Evans-Saffold case. There's no case from this Court or from the Supreme Court that melds the two. Once again, my client would not be unnoticed that a gap of anything longer than 60 days would both make that gap, like, say, 66 days, would make 66 days untorward, or that that would then make the time filed in the actual California court untimely. Well, he may not have been on actual notice of that, but it seems to me he was unnoticed that he was in some very, you know, rough waters at that point in time, because there is no decision. I mean, if we're playing the hypothetical game that he understood all the law and he read all the cases and was filing consistent with timeframes that he understood, he was taking a risk, right, by waiting 66 days. He was, perhaps, without notice from this Court. But if you look at the district court cases I cited, if you look at the Warburton case that goes, references the unpublished case of Payne, Warburton being published, Warburton analyzed 69 and looked, it never got to whether just on its face that was fine, because Warburton had a reason, but it referenced Payne, and Payne, the Payne case said that 63 days was well within Evans' statutory tolling. I have less than a minute left. I would like to reserve what I have left for rebuttal, please. Certainly. Good morning, Your Honor. David Andrew Aldrich, Deputy Attorney General for Respondent. This is the first time that the issue of equitable tolling has come up. It's not the certified issue. It's not expressed in the brief that somehow he's rolling in equitable tolling. And, in fact, our brief points out this is about what the law is, not what purportedly one might have had reasonable belief to believe it was. So, I'm. You say this is the first time it's equitable tolling. This oral argument. It has not come up in this case before. It's not in the briefs. It's not in the certified issue. This is, this was, the issue is whether gap tolling, safe as a petition, not equitable tolling. However, even, even if we were to get into that, and I, and I, I, obviously it hasn't been briefed, the reasons just cited by counsel as to why. So you're going to the question of whether there was cause? If you would, if this Court would find it helpful for me to discuss equitable tolling, I will. Well, you say it wasn't raised, but there is the argument, and I don't recall if they put it in terms of equitable tolling, that there's an unfairness to not applying the 66 days because of what other district courts have held, and he would be relying on that. So there's sort of the sound of equitable tollings in there. Well, which is. Although maybe not made in those terms. Well, I believe in the reply brief, he made the point that, no, I'm arguing what the law actually was rather than what I believed it was. So I'm, I'm, I don't think that it was fairly raised, even in the, even in the reply, much less the opening brief. I, I, I can try to discuss the matter if you wish, equitable tolling, but. Can you go back instead and, and address why 66 days is not within the framework that the Supreme Court laid out in, in Evans? Well, first, the question isn't whether it's simply longer than 60 days. The Supreme Court repeatedly has called, has called it 30 to 60 days. In fact, when they were in, in Evans, when they were discussing, Evans v. Chavez, when they were discussing Saffold, they noted Saffold had not filed, quote, within 30 or even 60 days after the lower court. So it is not simply that we start with 60 as somehow the presumptive, and then we see, well, how far can we go beyond that? The normal thing isn't 60. The normal thing is something considerably lower, 30 to 60. So 6, 6 is certain, 6 days, 10% of even the upper limit of 30 to 60 is 10%. 10% is not insignificant. Is it substantial? I'm, I'm not sure how different those two terms are, but. Well, that's the problem with this case, and the difficulty in this whole area. Well, I will say that when the, I was on Chaffer, and the California Supreme Court could not have been unaware of Chavez and Saffold when they declined to certify, to take certification of the issue. And one of the reasons that they, when they choose to certify or to accept certification or not, is whether or not prior precedent adequately discusses the issue. The Supreme Court discussing the Supreme, the state court's precedent up until at least 2006 made its call, and the California Supreme Court found no reason to set that aside. And Chaffer itself, before. But the Supreme Court is only predicting, the U.S. Supreme Court, what the California Supreme Court would rule. That's correct. And they said, so we're going to look and say, they're going to assume the general filing periods in other states, in determinate states, 30 to 60 days. And so the Supreme Court is sort of looking at California law and filling in the hole, if you will. It's making its best determination of what California law is. And one question I have for you is, and I don't know the answer at all to this, is there any difference between that, the case that the California Supreme Court denied certification on, in this case, to a degree we should go back again and ask them to look at it again? Is there any reason to believe we'd get a different answer this time? Or are we going down the same rabbit hole? If you're asking me to hazard whether I think they would grant certification, I believe it's no. I believe they feel it is adequately discussed in Chavez and Saffold, and they're comfortable with that being. I don't know what has changed, why they would want to consider it anew. I don't know either. That's why I'm asking you. That's my best answer, is that I don't think they would. You raised a secondary argument in your briefs about the time period in which the petition was pending before the California Supreme Court. And you argue that because the California Supreme Court denied it, and it was, I don't remember how many days, 91 days elapsed it denied the petition, that none of the time frame period going up to the California Supreme Court denial was told. Yes. And they argue that that argument is waived because it wasn't raised. You actually conceded before the district court, I guess, that you weren't arguing that the period in which the appeal was pending before, the petition was pending before the California Supreme Court, you conceded that that was properly told. So have you conceded that issue, as opposing counsel argues, or is it still before us? I think it was conceded below, but I think it is also still before you, because I the page 16 of the opening brief in which counsel, recognizing that he has gone beyond the arguments made below, makes the point that he is not limited to those arguments. Well, what's good for the goose isn't necessarily good for the gander. From a legal perspective, why can't we look at that? What legal principle is there where you conceded something before the district court that you now argue otherwise here? Your Honor, I... Just because they say so, it doesn't mean we're going to let you do it. So what legal principle is there that suggests we should? You may be right about that point, but you didn't raise it below and you said otherwise below. Well, two points. One can't really waive proper application of the legal standard, and there is no legal, there is no basis textually in 2244D to toll at all, absent a timely, i.e., properly filed petition. The idea that somehow, well, we can toll while it's on file. But if you don't raise it at all, you waive it. It's waivable. We did raise the issue of timeliness. Even if one of our arguments in supporting our argument that it was untimely below wasn't made, we surely argued it was untimely. The district court ruled that it was untimely. We at no point waived the actual issue of untimeliness. So the cases that he cites where the issue of untimeliness was deliberately not raised in the lower court at all is not this case at all. This case is all about whether or not when we raised the issue of untimeliness below and the court adopted it and we prevailed on it, was that proper? So just because a sub-argument in favor of our untimeliness assertion may differ, it does not even bring us close to day. We may have made a misstep below in the course of our argument regarding this affirmative defense. But there's no question we raised and prevailed on this affirmative defense below. And, again, if somehow we would be precluded from going beyond the strict terms of what we said, surely Petitioner should be as well because Petitioner below did not make the arguments that he is making now. He did not raise equitable tolling. He did not raise a claim that somehow 66 is you should get, you know, 60 at least out of 66. So if indeed we are hewing strictly to what was said in the district court, again, we should prevail without consideration of these additional ideas, including equitable tolling. But when you're talking about equitable tolling, are you talking about the responses to questioning concerning cause? Is that what we're talking about? Was there good cause for his not, for his delaying because of what he was researching? Is that what you're talking about? Well, good cause can indeed bear on. I'm just asking. You said equitable tolling was raised for the first time today. Yes. An argument. And I'm just wondering whether you're referring to the. I was referring when he got up here and said that equitable tolling is what, you know, he's entitled to in light of his knowledge, his claim knowledge regarding prior cases. You're talking about the notice issue. because district courts had allowed these claims to be filed 66, 70 days. Indeed. Okay. Okay. I see. Although the oral representations, by the way, that counsel just made as to what was said in state court as to delay, did not mention anything about circuit district courts as being why he filed when he did. Rather, he said it was more research and so on. So we actually know factually that's not why he did. Thank you. They have your argument. You have a few seconds for rebuttal. A few brief points, Your Honors. We mentioned equitable tolling in my opening brief on page 14. The last full paragraph talks about NEDS v. Calderon. We'll talk about it in my reply brief also. I would remind the Court that my briefing was just supplemental also. My client mentioned equitable tolling throughout his brief that I, the Court asked me to supplement. And as to my opponent's concession below, that shows the confusion between Pace and Evans, you know, that if there's no clear case that says that Evans' rubric applies in a Pace situation, you know, that's why they conceded below, because they were reading Pace and saying if there's no clear statement. Quick question on that. So the opposing counsel argues we didn't waive our argument, our statute of limitations argument. We may have made a mis- or our claim, but we may have made a misstep on some of the sub-arguments. What's your response to that? My response is that they clearly said that the time period while they were in, my client was filed in the State courts, was governed by Pace. Well, they said that, but what is the effect of that on us? Can we consider an argument that they're making that they erred on below? Excuse me, Your Honor. The case that I cited in my brief, the name escapes me right now, says that it would have been, what is the term, beyond the discretion of the district court to rule in their favor on something that they conceded. There is a parallel case from the U.S. Supreme Court that talks about, it's not in my brief, that says this court has that same obligation. Okay. Thank you. Thank you. We have your arguments in the case of Robinson v. Lewis is submitted.
judges: Schroeder, Ikuta, Seabright